UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CHRISTOPHER ROLLER,

    Plaintiff,

v.

RIDGE POINT DENTAL CLINIC,

    Defendants.

Civil No. 10-2366 (DWF/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff commenced this action by filing a self-styled civil complaint that consists of a single lengthy paragraph. (Docket No. 1.) He alleges that the named Defendant, Ridge Point Dental Clinic, intentionally harmed him by performing defective dental work on his teeth. According to the complaint, Defendant caused Plaintiff "pain and suffering and eventual loss of more teeth as a result of bad bridgework." The complaint states that Plaintiff is "suing for criminal fraud and malpractice and personal injury."

Plaintiff's complaint does not identify any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8,[1] and the Court cannot independently discern any basis for subject matter jurisdiction in this action. The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, it appears that there are no grounds for federal subject matter jurisdiction. The complaint expressly states that Plaintiff is seeking relief based on Defendant's alleged "criminal fraud" and "malpractice," which are state common law tort theories. Therefore, jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

Plaintiff has likewise failed to show that subject matter jurisdiction exists under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. The complaint indicates that Plaintiff is a resident of Minnesota, and there are no allegations suggesting that Defendant is a

---

[1] Rule 8(a) requires that every complaint filed in federal court must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

resident of a different state.[2]

Because Plaintiff has not identified any grounds for federal subject matter jurisdiction in this case, his current complaint cannot be entertained in federal court. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3]

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: July 6, 2010

                                           s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

---

[2] Based on a perfunctory internet search, it appears that Defendant Ridge Point Dental Clinic is located in Burnsville, Minnesota.

[3] The Court's recommendation does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that he will have to pursue his claims in state court, rather than federal court. It is doubtful, however, that Plaintiff's current complaint could survive preliminary review even in state court, because he has not satisfied the pleading requirements for an actionable medical malpractice claim under Minnesota law. See Minn.Stat. § 145.682. Therefore, Plaintiff is strongly encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 20, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.